**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**CHARLES JOHNSON, JR.**                                              **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 2:13-CV-114-KS-MTP**

**CAROLYN W. COLVIN**                                              **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

For the reasons stated above, the Court **adopts** the Magistrate Judge's Report and Recommendation [17] and incorporates it with this order to form the opinion of the Court, **overrules** Plaintiff's objections [18], **grants** the Commissioner's Motion for an Order Affirming [11] her decision, **denies** Plaintiff's Motion for an Order Awarding Disability Benefits [14], and **affirms** the Commissioner's decision denying Plaintiff's application for benefits.

### A.     *Procedural Background*

Plaintiff applied for SSI benefits on April 11, 2011. He claimed that he was disabled by the residual pain from being stabbed in the groin in June 2008. After his claim was denied, Plaintiff requested a hearing before an ALJ. On April 13, 2012, Plaintiff's case was heard by an ALJ, who ultimately decided that Plaintiff was not disabled. Plaintiff requested a review of the ALJ's decision, but the Appeals Council denied his request for review, rendering the ALJ's decision the Commissioner's final decision. Plaintiff filed his Complaint in this Court on May 29, 2013, challenging the ALJ's decision and demanding an award of benefits. The parties filed dispositive motions [11, 14], and the Magistrate Judge entered a Report and Recommendation [17]

that the Court affirm the Acting Commissioner's decision and dismiss this matter with prejudice. Plaintiff filed his objections to the Report and Recommendation [18], and this case is ripe for resolution.

## B.   Discussion

When a party objects to a Magistrate Judge's report and recommendation, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). However, the Court is not required to "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Furthermore, the Court is not required to consider "frivolous, conclusive, or general objections . . . ," *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987), and "merely reurging arguments contained in the original petition" does "not raise a factual objection" to the Magistrate Judge's findings. *Edmund v. Collins*, 8 F.3d 290, 293 n. 7 (5th Cir. 1993).

The Court's review of the Commissioner's final decision is limited "to two inquiries: (1) does the record contain substantial evidence which supports the [ALJ]'s position; and (2) did the [ALJ] apply the proper legal standards in evaluating the evidence?" *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence "must do more than create a suspicion of the evidence of the fact to be established." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). But a "finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). Conflicts in the

2

evidence are for the Commissioner, rather than the Court, to resolve, *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990), and the Court may not reweigh the evidence, try issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. *Selders*, 914 F.2d at 617. "Procedural perfection in administrative proceedings is not required so long as the substantial rights of a party have not been affected." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (punctuation omitted).

"An individual applying for disability and SSI benefits bears the initial burden of proving that he is disabled for purposes of the Social Security Act." *Harrell*, 862 F.2d at 475. To determine whether a claimant is disabled, the ALJ employs a five-step analysis. 20 C.F.R. § 416.920(a)(4). "A finding that the claimant is disabled or not disabled at any point in the five-step process is conclusive and terminates the . . . analysis." *Harrell*, 862 F.2d at 475. Only the second step of the analysis, in which the claimant must prove that his impairment is "severe," is relevant here. *See* 20 C.F.R. § 416.920(a)(4)(ii).

A "severe" impairment "significantly limits [one's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). "An impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."

3

*Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

    1.    *Substantial Evidence to Support the Decision*

The record contains substantial evidence to support the Commissioner's decision that Plaintiff's alleged impairment is not "severe." The record contains no evidence that Plaintiff sought or obtained medical treatment at the time of the alleged stabbing in 2008. Indeed, Plaintiff later provided contradictory information to medical providers as to when he was allegedly stabbed. The record also contains no objective evidence to substantiate Plaintiff's subjective reports of pain. Plaintiff first sought treatment in 2009 while incarcerated, and he made multiple complaints that year. However, he did not seek treatment again until he needed a medical opinion to support his claim for disability benefits.

After Plaintiff applied for benefits, the Disability Determination Services obtained the opinion of Dr. Theodore E. Okechuku, who found that, although Plaintiff walked with a limp, he enjoyed full range of motion in his hip joints, and had no difficulty walking on his heels, squatting, doing heel-to-toe exercises, or standing on his toes. Dr. Okechuku's impression was that Plaintiff had "left leg weakness – possible sciatic nerve damage." He described it as a "moderate impairment . . . with regard to standing, bending, stooping, squatting, reaching, pushing, pulling, etc." Dr. Robert Culpepper, an SSI Medical Consultant, considered these findings and found that Plaintiff's "stated severity of symptoms is not credible," and that the objective evidence "did not indicate necessity of [Plaintiff's] cane for ambulation . . . ."

As noted above, a "finding of no substantial evidence is appropriate only if there

is no credible evidentiary choices or medical findings support the decision." *Boyd*, 239 F.3d at 704. The evidence cited above provides both credible evidence and medical findings in support of the Commissioner's decision to deny benefits. Accordingly, the Court finds that there is substantial evidence to support the decision.

2.     *Correct Legal Standard*

The Court also finds that the ALJ applied the correct legal standard. He quoted the relevant language from *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), and the Fifth Circuit continues to apply that standard. *See Bayer v. Colvin*, 557 F. App'x 280, 287 (5th Cir. 2014); *Henderson v. Colvin*, 520 F. App'x 268, 275 (5th Cir. 2013).

3.     *Plaintiff's Objections*

Plaintiff's briefing is largely incomprehensible, but his objections to the Magistrate Judge's Report and Recommendations can be reduced to five general categories.

a.     **Substantial Evidence**

First, Plaintiff argues that the Commissioner's decision was not supported by substantial evidence. This objection is overruled. As explained above in detail, the record contains substantial evidence to support the Commissioner's decision to deny benefits. Furthermore, "merely reurging arguments contained in the original petition" does "not raise a factual objection" to the Magistrate Judge's findings. *Edmund*, 8 F.3d at 293 n. 7.

b.     **Hillman's Opinion**

Next, Plaintiff argues that the ALJ erred by not relying upon or giving greater

weight to the opinion of Elisa Hillman, a nurse practitioner who provided Plaintiff with a medical opinion to support his claim for disability benefits in September 2011. This objection is overruled.

"[O]rdinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). Ultimately, though, "the ALJ must decide the claimant's status," and "when good cause is shown, less weight, little weight, or even no weight may be given to the [treating] physician's testimony. The good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Id.* In summary, "the ALJ is entitled to determine the credibility of medical experts . . . and to weigh their opinions and testimony accordingly," *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990), and the Court is not permitted to substitute its judgment for his. *Harrell*, 862 F.2d at 475.

Nurse Hillman is not a physician, and she was no more familiar with Plaintiff's injuries and treatments than Dr. Okechuku, Dr. Culpepper, or even the ALJ. She conducted no testing, and she cited no objective evidence in her notes. She merely recorded Plaintiff's subjective, conclusory complaints. It was within the ALJ's discretion to disregard her testimony.

### c.    Plaintiff's Testimony

Plaintiff also argues that the ALJ improperly disregarded his testimony. This

6

objection is overruled. "The ALJ must consider subjective complaints of pain, but it is within his discretion to determine the pain's disabling nature." *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003). Indeed, the ALJ is required to determine "whether the objective medical evidence shows that the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's complained-of symptoms, such as pain." *Herrera v. Comm'r of Soc. Sec.*, 406 F. App'x 899, 905 (5th Cir. 2010) (citing 20 C.F.R. § 404.1529(c)(1)). "If the claimant's symptoms are not substantiated by objective medical evidence, the adjudicator must consider all of the evidence in the case record, including any statements by the individual . . . concerning the individual's symptoms and then make a finding on the credibility of the individual's statements about symptoms and their functional effects." *Id.* (citation and punctuation omitted). The ALJ fulfilled these requirements.

Plaintiff also argues that the ALJ erred by failing to consider his testimony that he never sought additional treatment after seeing Nurse Hillman because he could not pay for it. "Procedural perfection in administrative proceedings is not required so long as the substantial rights of a party have not been affected." *Audler*, 501 F.3d at 448. Regardless of Plaintiff's inability to pay a doctor after seeing Hillman, there exists a gap of over a year between Plaintiff's complaints in prison and his visit to Nurse Hillman. More importantly, the record contains no objective medical evidence to support Plaintiff's claim. Therefore, the ALJ's failure to consider Plaintiff's testimony on this issue can not have affected Plaintiff's substantial rights insofar as it is irrelevant to the basis of the ALJ's decision.

7

#### d.     5th and 14th Amendments

Plaintiff argues that the ALJ's decision violates his right to due process protected by the Fifth and Fourteenth Amendments. Plaintiff failed to specify what aspects of the administrative process violated his right to due process, and the Court declines to guess. *Battle*, 834 F.2d at 421 (the Court is not required to consider "general objections . . .").

#### e.     Conspiracy

Plaintiff accuses this Court, the ALJ, and the Commissioner of conspiring to deprive him of his right to a full and fair hearing. The record contains no evidence of a conspiracy. This objection is overruled.

### C.     *Conclusion*

As required by 28 U.S.C. § 636(b)(1), the Court conducted an independent review of the entire record and a *de novo* review of the matters raised by Plaintiff's objections. For the reasons stated above, the Court overrules Plaintiff's objections to the Magistrate Judge's Report and Recommendation [17]. Accordingly, the Court adopts the Report and Recommendation [17] and incorporates it with this order to form the opinion of the Court.

The Court **grants** the Acting Commissioner's Motion for an Order Affirming [11] her decision, **denies** Plaintiff's Motion for an Order Awarding Disability Benefits [14], and **affirms** the Acting Commissioner's decision denying Plaintiff's application for benefits. This matter is **dismissed with prejudice.**

SO ORDERED AND ADJUDGED this 16th day of September, 2014.

8

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE